**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**CHRISTINE E. DECKER
On Behalf of Herself
and All Others Similarly Situated,**

**Plaintiff,**                                                    Case NO.
                                                                  Hon.
                                                                  **CLASS ACTION**

**v.**

**ADVANCED CALL CENTER TECHNOLOGIES, LLC,
GE CAPITAL RETAIL BANK** (now known as **Synchrony Bank**),
a wholly owned subsidiary of GE Capital Retail Finance Corporation,
which is a wholly-owned subsidiary of GE Consumer Finance, Inc.,
which is a wholly owned subsidiary of General Electric Capital Corporation,
which is a wholly owned subsidiary of General Electric Company.

        **Defendants.**
_____/

**LAW OFFICES OF BRIAN P. PARKER, PC
BRIAN P. PARKER (P48617)**
Attorney for Plaintiff
2000 Town Center, Suite 1900
Southfield, MI   48075
Tel: (248) 642-6268
Fax: (248) 659-1733
brianparker@collectionstopper.com
www.collectionstopper.com
_____/

**CLASS ACTION COMPLAINT**

NOW COMES Plaintiff**, CHRISTINE E. DECKER** ("Plaintiff") on behalf of herself and others similarly situated, by and through counsel, The Law Offices of Brian Parker, PC, and bring this action against the above listed Defendants, **ADVANCED CALL CENTER TECHNOLOGIES, LLC. ("ACCT")** and **GE CAPITAL RETAIL BANK ("GE")** the grounds set forth herein:

1

## I.   PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and injunctive relief based upon the Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* and The Regulation of Collection Practices Act (RCPA), codified at MCL 445.251 et seq.

2. Liability is imposed upon creditors not only where the creditor uses aliases or pseudonyms but also "where the creditor merely implies that a third party is collecting a debt when in fact it is the creditor that is attempting to do so." *Larson v. Evanston NW. Healthcare Corp.*, No. 98 C 0005, 1999 WL 518901, at *2 (N.D. Ill. July 19, 1999) at *3 (citing *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998)).

3. Where a creditor, in the process of collecting its own debts, hires a third party for the express purpose of representing to its debtors that the third party is collecting the creditor's debts, and the third party engages in *no bona fide efforts* to collect those debts, the false name exception exposes the creditor to FDCPA liability. *Vincent v. Money Store*, Court of Appeals, 2nd Circuit 2013 Docket No. 11-4525-cv. (November 13, 2013). *Vincent v. The Money Store*, ___ F.3d ___, No. 11-4525-cv (2d Cir. 2013).

4. 15 U.S.C. § 1692j addresses the use by a creditor of a third party's letterhead in order to 'give the delinquency letters added intimidation value, as it suggests that a collection agency or some other party is now on the debtor's back.'" *Passa v. City of Columbus*, 748 F. Supp. 2d 804, 813 (S.D. Ohio 2010) (alteration omitted) (quoting *Gutierrez v. AT&T Broadband*, LLC, 382 F.3d 725, 734-35 (7th Cir. 2004)) (internal quotation marks omitted); see also S. Rep. No. 95-382 at 5 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699."

5. The FDCPA, creates a "false name" exception when a creditor like GE "who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a (6).

6.	The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. Whether a debt collector's actions are false, deceptive, or misleading under § 1692(a)-g is based on whether the "least sophisticated consumer" would be misled by a defendant's actions. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006).). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir).

7.	Whether a debt collector's actions are false, deceptive, or misleading under §1692e is based on whether the "least sophisticated consumer" would be misled by defendant's actions. *Wallace v. Washington Mutual Bank*, 683 F.3d. 323, 327 (6th Cir. 2012), *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir.2006).

8.	In applying the "least sophisticated consumer" standard, the Sixth Circuit has adopted the "more than one reasonable interpretation standard." *Kistner*, 518 F.3d at 441. Under that approach, a collection letter can be "deceptive" if it is open to "more than one reasonable interpretation, at least one of which is inaccurate." Id. (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). "[T]he 'more than one reasonable interpretation' standard is applicable to the entirety of § 1692e as a useful tool in analyzing the least sophisticated consumer test." Id.

9.	You cannot be both a 'creditor' and a 'debt collector,' as defined in the FDCPA, because those terms are mutually exclusive. *Bridge v. Ocwen Federal Bank, FSB*, 681 F. 3d 355 - Court of Appeals, 6th Circuit 2012. It would thwart the purpose of the Act to find that a non-originating debt holder is neither a creditor nor a debt collector based on that defendant's adoption of contradictory factual positions. *Bridge* at 360.

10.	The RPCA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use of the "least sophisticated consumer" standard of *Kistner*, 518 F.3d at 441. *McKeown v.*

*Mary Jane M. Elliott P.C.,* No. 07–12016–BC, 2007 WL 4326825, at *5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.,* 126 B.R. 422, 426 (D.Del.1991)).

## II. PARTIES

11. Plaintiff realleges the above pleadings.

12. The Plaintiff, **CHRISTINE E. DECKER**, is a natural person and consumer, a resident of Galesburg, Kalamazoo County, State of Michigan, and a "consumer" as defined by the FDCPA and MCPA.

13. The Defendant **ACCT** is a Georgia corporation and debt collector under 15 U.S.C. §1692a(6) with a resident agent and office located in Bingham Farms State of Michigan. **Please see Exhibit 3**.

14. The Defendant **GE** is a foreign corporation and debt collector under the "false name" exception where the creditor "who, in the process of collecting its own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." Defendant GE's address is 170 West Election Road, Suite 125 Draper, UT 84020.

## III. JURISDICTION AND VENUE

15. Plaintiff realleges the above pleadings.

16. This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

## IV. STATUTORY STRUCTURE

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

17. Plaintiff realleges the above pleadings.

18. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

19. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

20. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

21. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

22. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

### MICHIGAN COLLECTION PRACTICES ACT (MCPA)

23. The Michigan Consumer Protection Act (MCPA), MCL 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

24. "Claim" or "debt" means an obligation or alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes.

25. "Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. Collection agency includes a person representing himself or herself as a collection or repossession agency or a person performing the activities of a collection agency, on behalf of another, which activities are regulated by Act No. 299 of the Public Acts of 1980, as amended, being sections 339.101 to 339.2601 of the Michigan Compiled Laws. Collection agency includes a person who furnishes or attempts to furnish a form or a written demand service represented to be a collection or repossession technique, device, or system to be used to collect or repossess claims, if the form contains the name of a person other than the creditor in a manner indicating that a request or demand for payment is being made by a person other than the creditor even though the form directs the debtor to make payment directly to the creditor rather than to the other person whose name appears on the form. Collection agency includes a person who uses a fictitious name or the name of another in the collection or repossession of claims to convey to the debtor that a third person is collecting or repossessing or has been employed to collect or repossess the claim.

26. "Communicate" means the conveying of information regarding a debt directly or indirectly to a person through any medium.

27. "Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt.

28. "Creditor" or "principal" means a person who offers or extends credit creating a

6

debt or a person to whom a debt is owed or due or asserted to be owed or due. Creditor or principal does not include a person who receives an assignment or transfer or a debt solely for the purpose of facilitating collection of the debt for the assignor or transferor. In those instances, the assignor or transferor of the debt shall continue to be considered the creditor or the principal for purposes of this act.

29. "Person" means an individual, sole proprietorship, partnership, association, or corporation.

### V. FACTUAL ALLEGATIONS

30. Plaintiff realleges the above pleadings.

31. On or about May 1, 2014, Defendants **ACCT** and **GE** communicated with Plaintiff and the class members located in the State of Michigan through a debt collection letter stating it is from a debt collector and having the majority of payment and collection activity through **GE** Capital. **Please see Exhibit 1**.

32. The letter sent to Michigan class members by Defendant **ACCT** and **GE** has no name of **ACCT** in the body of the letter but has four references to a debt collector or debt collection and the address of **ACCT** at the top left hand corner.

33. The Plaintiff, **CHRISTINE E. DECKER ,** specifically and the class members generally, received the following letter:

### ADVANCED CALL CENTER TECHNOLOGIES, LLC

PO Box 9091
Gray, TN 37615-9091
877-597-1385

May 01, 2014   ACCOUNT #: ENDING IN 1318

    ACCOUNT BALANCE:   $2,559.00
    AMOUNT CURRENTLY DUE:   $524.00
    RE: JCPenney Credit Card Account

FIRST NOTICE

Dear Christine E Decker:

This account has been listed with our office for collection.

This notice has been sent by a collection agency. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

If the Amount Currently Due is paid to GE Capital Retail Bank and your account is brought up to date, we will stop our collection activity. All payments should be made directly to GE Capital Retail Bank using the enclosed envelope. Do not send payments to this office.

If circumstances are preventing you from paying the Amount Currently Due referenced above, please call our office today at 877-597-1385 so that we may assist you in resolving this matter. Our office hours are Monday - Friday 8:00 AM - 10:00 PM, Saturdays 8:00 AM - 4:00 PM and Sundays 1:00 PM - 10:00 PM, all times represented in Eastern Times Zone (EST).

GE Capital Retail Bank may continue to add interest and fees as provided in your agreement.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Very truly yours,
Advanced Call Center Technologies, LLC 877-597-1385

*PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT*     011

PO Box 9091
Gray, TN 37615-9091

STATEMENT DATE: 05/01/14
URL: www.jcp.com/credit ACCOUNT #:
ENDING IN 1318 ACCOUNT BALANCE: $2,559.00
AMOUNT CURRENTLY DUE: $524.00

Christine E. Decker  
9914 E. MI Ave  
Galesburg, MI 49053-8723

GE Capital Retail Bank/JCPenny Credit Services  
PO Box 960090  
Orlando, FL 32896-0090

**Please see attached Exhibit No. 1**.

  34. The Defendant **GE** does all of the work in the letter telling Ms. Decker and the Michigan Consumer:

    a. Payment is to be made to **GE**'s address,

    b. All payments must be made to directly to **GE** Capital Retail Bank using an enclosed envelope address to **GE**,

    c. **ACCT** states, "Do not send payments to this office."

    d. The account number belongs to **GE** and not **ACCT**.

    e. **GE** Capital may continue to add interest and fees.

    f. On information and belief, anyone calling **ACCT** for assistance in resolving the matter is told to send the payment to **GE**.

    g. **ACCT** directs the reader to a website URL: www.jcp.com/credit that states Welcome to the JCPenney Online Credit Center operated by **GE** Capital Retail Bank ("GECRB"), the issuer of the JCPenney Credit Card.

  35. Other than the address of **ACCT**, there is no bona fide collection involvement of **ACCT**. **Please see attached Exhibit No. 1**.

  36. Although the Letter at **Exhibit No. 1** creates the perception that a debt collector like **ACCT** is participating, the facts show that **ACCT** may have been acting as little more than a

9

mail service for **GE** in just supplying its address and a letterhead for **GE**.

  37. Defendant **ACCT** is merely operating as a 'conduit' for a debt collection process that Defendant **GE** is in control of at **Exhibit No. 1**.

  38. As part of a plan and collection practice, **GE** send another letter to Plaintiff and the Michigan Class:

JCPenney Credit Card

PO BOX 965009
ORLANDO FL 32896-5009

CHRISTINE E DECKER
9914 E ML AVE
GALESBURG     MI149053-8723

RE: Account Number Ending In: 1318

June 2, 2014

## CALL ADVANCED CALL CENTER TECHNOLOGIES, LLC IMMEDIATELY
### 1-877-597-1385

This is an urgent notice regarding your delinquent account. Call the number above as soon as possible to discuss your payment options. Failure to respond promptly could result in further steps being taken to collect the debt.

Dear Christine E. Decker,

Your JCPenney Credit Card account is now critically past due. Multiple attempts have been made to reach you. Please call to discuss payment options before we are forced to take further steps.

You may qualify for a special payment plan. for details **please respond by June 23, 2014.** For more information on payment options, call the number above today.

**If you do not respond, we will consider all options permitted by applicable law to pursue collection of this debt.**

Calling now may be in your best interest and may help prevent additional damage to your credit report.

To resolve this issue, contact ADVANCED CALL CENTER TECHNOLOGIES. LLC. the collection agency handling your account, at 1-877-577-1385 immediately upon receipt of this letter.

10

If you have disputed this debt, please disregard this letter.

Sincerely.

GE CAPITAL RETAIL BANK

P.S. Further delay may make matters worse. Call 1-877-597-1385 to work out a payment plan. Don't wait. Call now.

---

This is an attempt to collect a debt and any information obtained will be used for that purpose.
Account is owned by GE CAPITAL RETAIL BANK-Member FDIC

**Please see Exhibit 2**

39. The letter claims to be sent and signed (Sincerely, GE CAPITAL RETAIL BANK) yet states that it an attempt to collect a debt and that GE Capital owns the Account, thus as **GE** sent the letter, **GE** is telling the Michigan consumer they are both a creditor and a debt collector.

40. Defendant **GE** has sent this letter to Michigan residents in violation of 15 USC § 1692j. The FDCPA prohibits a practice known as "flat-rating," providing that:

> (a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.
> (b) Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under section 1692k of this title for failure to comply with a provision of this subchapter. 15 U.S.C. § 1692j.

41. That the letter at **Exhibit 2** that is sent and signed by GE Capital, says it is from a

debt collector yet also states that **GE**, as the sender and signer of the letter is the owner of the debt in violation of the FDCPA generally and specifically under *Bridge v. Ocwen Federal Bank, FSB*, 681 F. 3d 355 - Court of Appeals, 6th Circuit 2012.

42. Further, the letter at **Exhibit 2** is falsely and deceptively misrepresenting who is contacting the Plaintiff and Michigan Consumers with the bold name and phone number of the Defendant **ACCT** with collection threats in a letter from the alleged Creditor, Defendant **GE** for JCPenney in exposing the creditor to FDCPA liability under the false name exception of 15 U.S.C. § 1692a (6).

43. That the letter at **Exhibit 1 and 2** violates 15 U.S.C. 1692a (6) as **GE**, in the process of collecting its own debts, uses any name other than its own which would indicate that a third person like **ACCT** is collecting or attempting to collect such debts as mentioned above.

44. That the letter at **Exhibit 1 and 2** violates 15 U.S.C. 1692e (14) with the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization when claiming to be a debt collector but using **GE** in the letter.

45. That the letter at **Exhibit 1 and 2** violates 15 U.S.C. 1692e (10) by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt as mentioned above.

46. Defendants have violated the Michigan Collection Protection Act (MCPA) 445.251 et seq., but are not necessarily limited to the following:

>    a. Defendant has violated MCLA 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt.

12

    b. Defendant has violated MCLA 445.252(f) Misrepresenting in a communication with a debtor any of the following:

        (ii) The legal rights of the creditor of debtor

    c. Defendant has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

## VI. CLASS ACTION ALLEGATIONS

47. Plaintiff realleges the above pleadings.

48. Plaintiff brings this lawsuit as a class action. Plaintiff tentatively defines two classes as all persons in the State of Michigan who, during the one year prior to the filing of this complaint, were sent letters similar to **Exhibit 1 and 2**. Plaintiff may subsequently refine the class definition in light of discovery.

49. The FDCPA Class consists of (i) all persons with a Michigan address that have received the collection letter that is in violation of 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692j and 15 U.S.C. § 1692e(14), 15 U.S.C. § 1692a(6) and 15 U.S.C. § 1692e, (ii) in which a demand for payment of an outstanding balance is made through a letter from Defendants similar to **Exhibit 1 and 2**, and (iii) which letter was sent during the one year period immediately preceding the filing of this complaint and the date of class certification; and

50. The RCPA Class consists of (i) all persons with a Michigan address that have received the collection letter that is in violation of MCLA 445.252(e), MCLA 445.252(f) and MCLA 445.252 (q), (ii) in which a demand for payment of an outstanding balance is made through a letter from Defendants similar to **Exhibit 1 and 2**, and (iii) which letter was sent during the six year period immediately preceding the filing of this complaint and the date of class

certification.

51.     There are questions of law and fact common to each class, which common issues predominate over any issues involving only individual class members. The principal and common issue is whether Defendants' conduct in connection with the mailing of **Exhibit 1 and 2** and similar letters to consumers violates the FDCPA and RCPA with GE sending a collection letter while misrepresenting a debt collector is involved in the collection of the debt when it is not.

52.     There are no individual questions, other than whether the class member received one of the offending letters, which can be determined by a ministerial inspection of the records and collection notes of Defendants.

53.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff is committed to vigorously litigating this matter. He is greatly annoyed at being the victim of Defendants' illegal practices and wishes to see that the wrong is remedied. To that end, he has retained counsel experienced in litigating the FDCPA, RCPA and consumer advocacy and class claims. Neither Plaintiff nor their counsel has any interests which might cause them to not vigorously pursue this claim.

54.     Plaintiffs claim is typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

55.     A class action is a superior method for the fair and efficient adjudication of this controversy. Most of the consumers who receive **Exhibit 1 and 2** undoubtedly have no knowledge that their rights are being violated by illegal collection practices. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum damages in an individual action are $1,000. Management of this class claim is likely to

14

present significantly fewer difficulties than those presented in many class claims, e.g, for securities fraud.

56.     Certification of each class under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure is appropriate because:

    a. The questions of law and fact common to the members of each class predominate over any questions affecting an individual member: and

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

57.     There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.   The predominant questions are:

    a. Whether defendant GE had a practice of sending a debt collection letter while misrepresenting to debtors that a debt collector is involved in the collection of the debt when it is not.

    b. Whether doing so violated the FDCPA and RCPA.

58.     Certification of each class under Rule 23(b)(2) of the Federal Rules of Civil Procedure also is appropriate because Defendants have acted on grounds generally applicable to each class, thereby making declaratory and injunctive relief appropriate with respect to each class as a whole.

59.     Plaintiffs request certification of a hybrid class action, combining the elements of FRCP 23(b)(3) for monetary damages and FRCP 23(b)(2) for equitable relief.

## VII. CLAIMS FOR RELIEF

### Count I
### Fair Debt Collection Practices Act

60. Plaintiff realleges the above pleadings.

61. Defendants have violated the FDCPA. Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

    a. Defendants violated 15 U.S.C. 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt using **Exhibit 1 and 2** as mentioned above; and

    b. Defendants collected on the debt and violated 15 U.S.C. 1692j by designing and furnishing the subject letter at **Exhibit 1 and 2** knowing that such format would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating as stated above; and

    c. Defendants violated 15 U.S.C. 1692e(10) with the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer with the use of **Exhibit 1 and 2** as mentioned above; and

    d. Defendants violated 15 U.S.C. 1692e(14) with the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization when claiming to be a debt collector but using GE in the letter as stated above. **Exhibit 1 and 2**; and

    e. Defendant GE violates 15 U.S.C. 1692a (6) as GE, in the process of collecting its own debts, uses any name other than its own which would indicate that a third person like ACCT is collecting or attempting to collect such debts as mentioned above in **Exhibit 1 and 2**; and

    f. Defendant GE violated 15 U.S.C. 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt using **Exhibit 1 and 2** as mentioned above and claiming to be both the creditor and the debt collector.

**WHEREFORE**, Plaintiff seeks judgment against Defendants for:

    a. Statutory damages for Plaintiff in the amount of $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

    b. Statutory damages for the members of the FDCPA Class, *pro rata,* in the amount of the lesser of $500,000.00 or one percent centum of the net worth of Defendants pursuant to 15 U.S.C. 1692k(a)(2)(B);

    c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and;

    d. Such further relief as the court deems just and proper.

**Count II**
**Michigan Collection Practices Act**

61. Defendants have violated the MCPA. Defendant's violations of the MCPA include, but are not necessarily limited to, the following:

    a. Defendants violated MCLA 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt

      using **Exhibit 1** as mentioned above;

b. Defendants violated MCLA 445.252(f) by misrepresenting in a communication with a debtor any of the following:

(ii) The legal rights of the creditor of debtor using **Exhibit 1** as mentioned above.

c. Defendants have violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

**WHEREFORE**, Plaintiff seeks judgment against Defendants for:

a. Statutory damages for Plaintiff in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2);

b. Statutory damages for each member of the MOC Class in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2), and without regards to defendant's net worth;

c. Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1), including but not limited to, a declaration that defendant's debt collection practices violated the MCPA, as well as an injunction, enjoining Defendants from using **Exhibit 1** letters which violates Michigan law; and

d. Reasonable attorney's fees and court cost pursuant to M.C.L. 445.257(2).

### JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

                                                Respectfully submitted,
                                                **LAW OFFICES OF BRIAN P. PARKER, P.C.**

                                                /s/Brian P. Parker
Dated:  July 2, 2014                  **BRIAN P. PARKER (P48617)**
                                                Attorney for Plaintiff