UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHRISTINE E. DECKER, On Behalf
of Herself and All Others Similarly
Situated,

        Plaintiff,

v.                                            Case No. 1:14-CV-795

ADVANCED CALL CENTER                  HON. GORDON J. QUIST
TECHNOLOGIES, LLC, et al.,

        Defendants.
_____/

## OPINION

The instant action involves an alleged violation of federal and state statues that govern the collection of debts. Plaintiff, Christine Decker, alleges that Defendants, Synchrony Bank and Advanced Call Center Technologies, violated those statutes when they sent her two letters related to a credit card debt that she allegedly owed. Defendants have moved to compel arbitration and dismiss this action, arguing that Decker's credit card agreement contained an enforceable arbitration clause. Decker has not responded to that motion. For the reasons that follow, the Court will grant Defendants' motion.

### *Background*

On April 20, 2012 Decker applied for a JC Penney credit card. (Dkt. #14-1 at Page ID#130, ¶ 8.) She received a copy of initial disclosures, which stated that she would receive a complete credit card agreement (the Agreement) that would include "a dispute and claim resolution provision (including arbitration) that limit[ed] [her] rights unless [she] reject[ed] the provision by following the provision's instructions." (*Id.* at Page ID ##130-31, ¶¶ 9,10.) Thereafter, Synchrony Bank, which was then known as GE Capital Retail Bank (the Bank), issued Decker a credit card. (*Id.* ¶ 7.)

The Bank sent Decker her credit card and a copy of the Agreement. The Agreement stated that Decker would agree to its terms "[b]y opening and using [her] account." (*Id.* at Page ID#131, ¶ 11.) The Agreement also contained an arbitration clause, which stated:

> Upon demand, and except as otherwise provided below, you and we must arbitrate individually any dispute or claim between you, any joint cardholder and/or any additional cardholder, on the one hand; and us, our affiliates, agents and/or jcpenney, on the other hand, if the dispute or claim arises from or relates to your Account.

(*Id.* at Page ID#131-32, ¶ 12.) The Agreement provided Decker with the right to reject the arbitration provision by providing notice in accordance with the requirements of the Agreement. (*Id.* at Page ID#136, ¶ 15.) Decker activated her account and made purchases with the credit card. (*Id.* at Page ID#131, ¶ 11.) She did not reject the arbitration provision. (*Id.* at Page ID#136, ¶ 16.)

As permitted by the terms of the Agreement, the Bank later changed the terms of the arbitration provision. (*Id.* at Page ID#133, ¶¶ 13-14.) The new provision stated:

> If either you or we make a demand for arbitration, you and we must arbitrate any dispute or claim between you or any other user of you account, and us, our affiliates, agents and/or J.C. Penney Corporation, Inc. if it relates to your account . . . .

(*Id.* at Page ID#134, ¶ 14.) Decker did not reject that arbitration provision. (*Id.* at Page ID#136, ¶ 16.)

On May 1, 2014, Decker received a letter regarding an alleged debt that she owed on her JC Penney credit card account. (Dkt. #1 at Page ID##7-8, ¶ 33.) The letter purported to be sent by Advanced Call Center Technologies. (*Id.*) On June 2, 2014, Decker received another letter about the same alleged debt. (*Id.* at Page ID#10, ¶ 38.) Decker filed a complaint in this Court, alleging that, in sending the two letters, Defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692j. Specifically, Decker alleged that Defendants violated the FDCPA's prohibition on "flat-rating," or creating a false impression that a person other than the creditor is

2

involved in the collection of a debt. (*Id.* at Page ID #11, ¶ 40.) Decker further alleged that Defendants' actions violated the Michigan Consumer Protection Act (MCPA), M.C.L. § 445.251, *et seq.*

The Bank filed a motion to compel arbitration, arguing that the arbitration provision in the Agreement required that the matter be submitted to arbitration. Advanced Call Center Technologies subsequently moved to join in the Bank's motion. Decker did not respond to the motion.

### *Legal Standard*

The Federal Arbitration Act ("FAA") embodies the "liberal federal policy of favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S. Ct. 927, 941 (1983). In determining whether to grant a motion to compel arbitration, the court must engage in a limited review to determine whether (1) "a valid agreement to arbitrate exists between the parties" and (2) "the specific dispute falls within the substantive scope of that agreement." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003). Any doubts regarding the scope of arbitrable issues should be resolved in favor of arbitration. *Id.*

### *Discussion*

The Court finds that there was a valid agreement to arbitrate. The Bank mailed Decker a copy of the Agreement with her credit card, and she accepted its terms by activating her card and using it to make purchases. She did not reject the arbitration provision when she received the Agreement, nor did she do so when she received the change in terms. Moreover, the arbitration provision explicitly stated that it applied not only to the Bank, but to its agents as well. Advanced Call Center Technologies has submitted evidence that it acted as the authorized agent of the Bank with regard to the letters at issue. (Dkt. #17-1 at Page ID#168.) Accordingly, there was a valid agreement to arbitrate between the parties.

The Agreement provides that "any dispute or claim" is subject to arbitration "if it relates to [Decker's] account." (*Id.* at Page ID#133-34, ¶ 14.) The letters at issue in this case involved attempts to collect an outstanding debt that Decker allegedly owed on her JC Penney credit card account. There can be little doubt that a dispute over such letters relates to her account. *See Caudill v. Cavalry SPV I, LLC*, No. 14-32-ART, 2014 WL 4230811, at *6 (E.D. Ky. Aug. 15, 2014) (finding that claims were within arbitration clause under similar circumstances). Accordingly, the dispute in this case falls within the substantive scope of the parties' arbitration agreement.

Finally, there is no reason to believe that Decker's claims would not be subject to arbitration simply because they are based on the FDCPA. *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 89, 121 S. Ct. 513, 521 (2000) ("[W]e have recognized that federal statutory claims can be appropriately resolved through arbitration, and we have enforced agreements to arbitrate that involved such claims."). On the contrary, courts in this Circuit have routinely enforced arbitration clauses in FDCPA cases. *See e.g., Green v. G. Reynolds Sims & Ass., P.C.*, No. 12-12488, 2013 WL 1212775 (E.D. Mich. March 25, 2013) (granting motion to compel arbitration).

In sum, the parties entered into a valid arbitration agreement, and the dispute at issue in this case falls within the scope of that agreement. Accordingly, Decker must submit her claims to arbitration.[1]

Dated: October 3, 2014         /s/ Gordon J. Quist
                              GORDON J. QUIST
                              UNITED STATES DISTRICT JUDGE

---

[1] Defendants request that the Court order that the claims be submitted to arbitration on an individual, rather than a class, basis due to the prohibition on class actions contained in the Agreement. Because the Court will dismiss the action, it need not decide whether claims may be pursued on a class basis. Rather, that decision must be left to the arbitrator.

4